```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                           SOUTHERN DIVISION
```

FILED 98 OCT 30 PM 1:42 U.S. DISTRICT COURT N.D. OF ALABAMA ENTERED OCT 3 0 1998

```
PATRICIA ARMISTEAD FEEMSTER     )
                                )
          Plaintiff,            )
                                )   CIVIL ACTION NUMBER
v.                              )       CV-97-C-0770-S
                                )
TOWN OF KIMBERLY; and OFFICER   )
RICHARD WHALEN,                 )
                                )
          Defendants.           )
```

## MEMORANDUM OF OPINION
## GRANTING PARTIAL SUMMARY JUDGMENT

On March 28, 1997, Plaintiff Patricia Armistead Feemster brought this action alleging that the defendants deprived her of her constitutional rights under the Fourth and Fourteenth Amendments. Pending before the court is the defendants' Motion for Summary Judgment. Upon careful consideration of all submitted materials, affidavits, and briefs, this court concludes that based on the undisputed facts, the defendant Town of Kimberly and Officer Richard Whalen, in his official capacity, are entitled to summary judgment as a matter of law.

### I.

Construing the facts in a light most favorable to the Plaintiff, the court finds the following facts to be undisputed.

On January 1, 1996, the plaintiff and her husband went to a

New Year's Eve party in her husband's pickup truck. Feemster Deposition ("FD"), at 50, 58. Plaintiff consumed three or four beers and two glasses of champagne. FD 58-59. Due to an argument between them sometime after midnight, they left the party separately. FD 65-66.

The plaintiff claims that because she was not accustomed to the clutch on the pickup truck, when she left the party the truck lurched a little, and the tires spun on the loose gravel in the parking lot. FD 72. As she pulled out of the driveway, the police stopped her. FD 72. She got out of her car, and stumbled. A police officer then grabbed her and charged her with driving under the influence of alcohol ("DWI") and resisting arrest.

Plaintiff was handcuffed and placed in the police car. FD 75. She protested while the police officers searched her car, and she was maced by an officer while she was sitting in the back seat. FD 76-77. The Plaintiff screamed and cussed at the officers as they searched her car. FD 79.

She was given medical attention once she arrived at the police station. However, she fought with the police officers to prevent them from touching her. FD 82. The police officers strapped her to a board and placed her in a cell. FD 83-84. It is disputed how she was strapped to the board, and for how long, but eventually she was able to free herself. FD 92-93.

The plaintiff was released from jail the next morning. She was subsequently charged and convicted with the following offenses: third degree assault, disorderly conduct, DWI, resisting arrest, reckless driving, and third degree criminal mischief. The Plaintiff never sought further medical attention, or psychiatric help following this incident. (FD 104).

The plaintiff brought this action claiming that Officer Richard Whalen deprived her of her constitutional right to be free from excessive force. She claims that the Town of Kimberly ("the Town") is jointly and severably liable for her constitutional deprivation; and under state law she claims that the Town is liable for the neglect, unskillfulness, and carelessness of Officer Whalen. Complaint ¶¶ 7-8, 11-12.

## II.

The law governing summary judgment is well settled. Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact. See Chanel, Inc. v. Italian Activewear, Inc.,

931 F.2d 1472, 1477 (11th Cir. 1991). The court must view the facts in a light favorable to the non-moving party.

### III.

#### A.

After reviewing the entire record and considering the evidence in a light most favorable to the plaintiff, this court concludes that Defendants Town of Kimberly and Officer Whalen, in his official capacity, are entitled to judgment as a matter of law.

To sustain a claim against the Town of Kimberly under 42 U.S.C. § 1983, the Plaintiff must show that the alleged violations were the result of an official policy or custom of the municipality. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). Section 1983 does not provide a cause of action against a municipality for an "injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

There is no evidence to suggest that the use of mace, or the use of the backboard to restrain the Plaintiff, was the result of any Kimberly Police Department custom or policy. In fact, the evidence presented fully indicates that the decisions were made

as the situation developed, and not in compliance with any custom or policy. Officer Whalen testified at his deposition that one of the medical personnel suggested using the backboard to restrain the Plaintiff: "He come up--I believe it was them [medical personnel] that came up with the idea of the backboard." (Whalen Deposition, at 79). The backboard is normally used by medical personnel to transport a person with a neck or back injury. There is nothing in the Kimberly Police Department's Standard Operating Procedures regarding the use of a board for restraint, nor has the board been used for this purpose before. (Kimberly Police Dep't Policy on Arrest and Control of Prisoners, Plaintiff's Evidentiary Submission, exh. 2).

While a custom need not receive official approval to bring it, and the responsible government body, within the ambit of a § 1983 violation, Plaintiff did not present any evidence to suggest that this incident was anything but the ad hoc response of individual officials in this one instance. And although there is precedent finding some individual decisions to constitute official policy, Officer Whalen does not have the required level of authority, nor does his conduct indicate that he was acting in compliance with an existing policy. See Berdin v. Duggan, 701 F.2d 909, 914 n.17 (11th Cir. 1983)(recognizing that mayor's "actions constituted the official policy of Florida City within the meaning of *Monell*" because "'[i]f a high official has the

power to overrule a decision but as a practical matter never does so, the decision-maker may represent the effective final authority on the question'" (quoting <u>Bowen v. Watkins</u>, 669 F.2d 979, 989-90 (5th Cir. 1982))); <u>Familias Unidas v. Briscoe</u>, 619 F.2d 391, 404 (5th Cir. 1980)(finding that judge's compliance with a school board request represented official policy of county because "the judge like other elected county officials . . . holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute").

Finally, the Supreme Court has recognized that a suit against an individual officer in his official capacity is just another way to sue the municipality. See <u>Brandon v. Holt</u>, 469 U.S. 464, 471-73 & n.21 (1985). Therefore, for the reasons given above, the Plaintiff cannot maintain its federal claim against Officer Whalen, in his official capacity.

B.

In addition to her federal claims, the Plaintiff has asserted a state claim against the Defendants for use of excessive force during an arrest. She argues that under Alabama Code § 11-47-190 (1975) the Town is liable for the neglect, unskillfulness, and carelessness of its officer in his work in the line of duty.

A condition precedent to the maintenance of the state law claims is the filing of a timely statutory notice of claim. <u>See</u>

Ala. Code §§ 11-47-23, 11-47-192. The plaintiff has failed to timely file such notice with the Town.

## CONCLUSION

Having met their burden in showing that Defendants Town of Kimberly and Officer Whalen, in his official capacity, are entitled to judgment as a matter of law, the burden shifted to the Plaintiff to demonstrate a triable issue of fact. The Plaintiff failed to offer any evidence to support her allegations that Officer Whalen or the Kimberly Police Department maintained a custom or policy of using excessive force or that the Plaintiff met the state law requirements of "Notice of a Claim" filed against a municipality. However, the Defendant has not met its burden with respect to the Plaintiff's claims against Officer Whalen as an individual defendant.

Based on the foregoing, there being no disputable issue of fact, Defendants' Motion for Summary Judgment will be granted, in part, by separate order.

DONE this 30TH day of October, 1998.

UNITED STATES DISTRICT JUDGE
U.W. CLEMON